# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-1324**                                              **September Term, 2021**

**FERC-ER09-1256-003**
**FERC-ER09-1256-006**
**FERC-ER12-2708-008**

**Filed On:** March 9, 2022

Keryn Newman and Alison Haverty,

      Petitioners

    v.

Federal Energy Regulatory Commission,

      Respondent

------------------------------

Potomac-Appalachian Transmission Highline,
LLC, on behalf of its operating companies,
PATH West Virginia Transmission Company,
LLC ("PATH-WV") and PATH Allegheny
Transmission Company, LLC ("PATH-AYE"),
           Intervenor

**BEFORE:**    Srinivasan, Chief Judge; Pillard, Circuit Judge; and Randolph,
                Senior Circuit Judge

## O R D E R

Upon consideration of the unopposed motion of the Federal Energy Regulatory Commission for clarification of the scope of the court's vacatur and remand, and the petition of intervenor for panel rehearing, it is

**ORDERED** that the motion for clarification be granted. The opinion filed December 28, 2021, is hereby amended as follows:

(1) Slip Op., p. 9, lines 30-31, delete: "We grant the petition and vacate FERC's contrary orders." and

Insert in lieu thereof: "We grant the petition, vacate the challenged portions of FERC's orders, and remand for FERC to direct the proper accounting, recoverability, and ratemaking remedy regarding the more than $6 million PATH spent for public relations and advocacy activities."

(2) Slip Op., p. 21, lines 3-6, delete: "Despite the expenses having been assigned to Account 426.4, the Commission allowed ISO New England to recover them because the expenditures." and

Insert in lieu thereof: "Despite plausible protests that the expenses should have been assigned to Account 426.4, the Commission allowed ISO New England to recover them because the expenditures."

(3) Slip Op., p. 21, lines 20-23, delete: "We upheld FERC's determination, affirming that an expenditure's placement in Account 426.4 did not necessarily preclude its recovery from ratepayers where the conditions identified by the Commission were met." and

Insert in lieu thereof: "We upheld FERC's determination, affirming that expenditures that might well belong in Account 426.4 would not by such assignment be rendered unrecoverable from ratepayers, so long as the conditions identified by the Commission were met."

(4) Slip Op., p. 22, lines 13-16, delete: "That was the issue in *ISO New England*: whether, in setting its stated rate, ISO New England could recover certain kinds of expenditures acknowledged to be correctly assigned to Account 426.4." and

Insert in lieu thereof: "That was the issue in *ISO New England*: whether, in setting its stated rate, ISO New England could recover certain kinds of expenditures even if they belonged in Account 426.4."

(5) Slip Op., p.22, lines 18-21, delete: "Relying on that case here as FERC suggests would prove too much, potentially allowing for recovery under a formula rate like PATH's of even direct lobbying expenditures that no party disputes belong in Account 426.4." and

Insert in lieu thereof: "Relying on that case here as FERC suggests would prove too much, potentially allowing for recovery under a formula rate like PATH's of even direct lobbying expenditures—a type of expenditure that no party disputes belongs in Account 426.4."

(6) Slip Op., p.26, lines 1-3, delete: "Accordingly, we grant the petition for review, vacate FERC's Opinions 554-A and 554-B, and remand for further proceedings consistent with this opinion." and

Insert in lieu thereof: "Accordingly, we grant the petition for review, vacate the portions of FERC's Opinions 554-A and 554-B that authorized PATH to book the disputed expenditures in accounts other than Account 426.4, and remand for further proceedings consistent with this opinion."

The Clerk is directed to issue the amended opinion and judgment.  It is

**FURTHER ORDERED** that the petition for panel rehearing be denied.


<u>**Per Curiam**</u>


**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk